John A. Mueller
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202-2216
(716) 362-7614
jmueller@lippes.com

· *Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 15 |
| MINERA TRES VALLES S.P.A.,[1] | CASE NO. 20-_____-___ |
| DEBTOR IN A FOREIGN PROCEEDING. | |

**MOTION FOR ENTRY OF AN ORDER SCHEDULING
HEARING ON RECOGNITION OF FOREIGN MAIN PROCEEDING
UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND
<u>SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE</u>**

José Felizardo Figueroa Barrueco, in his capacity as the authorized foreign representative ("<u>Foreign Representative</u>") of the above-captioned debtor, Minera Tres Valles S.p.A. ("<u>Foreign Debtor</u>" or the "<u>Company</u>"), subject to a Bankruptcy Procedure of Judicial Reorganization currently pending before the 30º Civil Court of Santiago, Chile, and assigned Case No. C-7373-2020 ("<u>Chilean Proceeding</u>"), respectfully submits this motion ("<u>Motion</u>") for entry of an order: (i) scheduling a hearing on the recognition relief sought in the Petition[2]; (ii) setting a deadline for the filing of any responses or objections to the Petition; and (iii) specifying the form and manner

---

[1] The Foreign Debtor's Chilean tax identification number is 77.856.200-6 and its executive office is located at Avenida Apoquindo 4775, Oficina 501, Las Condes, Santiago, Chile 758009.
[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Petition.

1

of service of notice thereof. In support of this Motion, the Foreign Representative respectfully submits as follows:

### I. JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. This Chapter 15 case has been properly commenced pursuant to Section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Chilean Proceeding under Section 1515 of the Bankruptcy Code.

4. Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).[3]

5. The bases for the relief requested herein are Sections 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4), 2002(m), 2002(p), 2002(q) and 9006(c)(1).

### II. BACKGROUND

6. The Foreign Representative hereby incorporates by reference, in their entirety, the Petition filings, Vega Declaration and Contador Declaration, all of which are being filed contemporaneously herewith.

### III. RELIEF REQUESTED

7. The Foreign Representative respectfully requests the entry of an order ("Notice Order"), substantially in the form attached hereto as **Exhibit A**: (i) scheduling a hearing on the recognition relief sought in the Petition for September 10, 2020, at 2 p.m. ET, or as soon thereafter

---

[3] The Foreign Debtor has property in the U.S. in the form of a legal counsel retainer with Lippes Mathias Wexler Friedman LLP in Buffalo, New York, and bank accounts maintained at Citibank, N.A., in New York, New York.

as practicably possible ("Recognition Hearing"); (ii) setting a deadline for the filing of any responses or objections to the Petition ("Objection Deadline"); (iii) approving the form of notice for this Chapter 15 case, relief sought in the Petition, Objection Deadline and Recognition Hearing, which is attached as *Exhibit 1* to the Notice Order ("Case Notice"); and (iv) approving the manner of service of the Case Notice.

### IV.    BASIS FOR RELIEF

#### A. *Recognition Hearing*

8.     Section 1517(c) of the Bankruptcy Code provides that a petition for recognition of a foreign proceeding "shall be decided upon at the earliest possible time."

9.     Pursuant to Bankruptcy Rule 2002(q)(1), parties identified in the petition and any others directed by the court must be given "at least 21 days' notice by mail of the [recognition] hearing."

10.    In compliance with the above, the Foreign Representative is requesting that this Court schedule the Recognition Hearing for September 10, 2020, at 2 p.m. ET, or as soon thereafter as practicably possible.

#### B. *Notice Procedures*

11.    Bankruptcy Rule 2002(q) sets out the notice requirements for Chapter 15 cases but does not specify the form and manner of such notice.

12.    Bankruptcy Rules 2002(m) and 9007 allow the court to designate the from and manner of any required notice.

13.    In compliance with the above, the Foreign Representative proposes service of the Case Notice and all Petition filings (collectively, the "Notice Documents") by e-mail and/or first class mail, within three (3) business days of the entry of an order approving the relief sought in

this Motion upon the following: (i) Office of the U.S. Trustee for the Southern District of New York; (ii) Agent; (iii) Secured Lenders; (iv) Intercompany Lenders; (v) custodian of the U.S. Accounts; (vi) all persons or bodies authorized to administer the Chilean Proceedings; (vii) Foreign Debtor and its Chilean counsel; and (viii) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002[4] (collectively, the "Notice Parties").

14. The Case Notice will notify the Notice Parties of the following: (i) filing of the Foreign Debtor's Chapter 15 Case; (ii) relief sought in the Petition, (iii) Objection Deadline; (iv) procedures for filing any response or objection to the Petition; (v) electronic case filing ("ECF") website link; and (vi) contact information for the Foreign Representative's counsel.

15. Per Bankruptcy Rule 2002(p), the U.S. Trustee, a party in interest, or this Court may determine that supplemental notice is needed for parties with foreign addresses. In that regard, the Foreign Representative would submit that the notice procedures proposed in this Motion will provide sufficient notice for any and all Notice Parties to participate in this Chapter 15 case.

16. In accordance with the Bankruptcy Code and Bankruptcy Rules, the Foreign Representative will provide the Notice Parties with notice of all other pleadings filed in this Chapter 15 case.

17. The Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice Documents upon the Notice Parties.

C. *Section 1514(c) Inapplicable*

18. Pursuant to Section 1514(c) of the Bankruptcy Code, "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the

---

[4] The Foreign Representative will serve any such parties within three (3) business days of the filing of an appearance with this Court.

4

time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim."

19.     Since this case is ancillary in nature and creditors will not be filing proofs of claim, the Foreign Representative would submit that Section 1514(c) of the Bankruptcy Code is inapplicable. As set forth in Collier on Bankruptcy, Section 1514(c) is "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

20.     To the extent Section 1514(c) of the Bankruptcy Code is applicable, the Foreign Representative would request that any requirements be waived.

### V.    NO PRIOR REQUEST

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

### VI.    NOTICE

22.     The Foreign Representative shall provide notice of this Motion to: (i) Office of the U.S. Trustee for the Southern District of New York; (ii) Agent; (iii) Secured Lenders; (iv) Intercompany Lenders; (v) custodian of the U.S. Accounts; (vi) all persons or bodies authorized to administer the Chilean Proceedings; (vii) Foreign Debtor and its Chilean counsel; and (viii) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002. The Foreign Representative submits that no further notice of this Motion is necessary.

VII.    **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests: (i) entry of the Notice Order, substantially in the form attached hereto as **Exhibit A**; and (ii) such other and further relief as this Court deems just and proper.

Dated: August 14, 2020  
       Buffalo, New York

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

    */s/ John A. Mueller*  
John A. Mueller, Esq  
50 Fountain Plaza, Suite 1700  
Buffalo, New York 14202  
(716) 362-7614  
jmueller@lippes.com

· *Counsel to the Foreign Representative*

# Exhibit A

# Proposed Notice Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE:

MINERA TRES VALLES S.P.A.,[1]

DEBTOR IN A FOREIGN PROCEEDING.

CHAPTER 15

CASE NO. 20-_____-___

---

**ORDER SCHEDULING HEARING ON RECOGNITION OF FOREIGN MAIN PROCEEDING UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Upon consideration of the motion ("Motion") of the Foreign Representative[2] for entry of an order: (i) scheduling a hearing on the recognition relief sought in the Petition; (ii) setting a deadline for the filing of any responses or objections to the Petition; and (iii) specifying the form and manner of service of notice thereof, and after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, Section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B.  This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1410.

C.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

---

[1] The Foreign Debtor's Chilean tax identification number is 77.856.200-6 and its executive office is located at Avenida Apoquindo 4775, Oficina 501, Las Condes, Santiago, Chile 758009.
[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Petition.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Recognition Hearing shall be held before this Court in Room _____ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on September 10, 2020, at 2 p.m. ET.

3. Any response or objection to the Petition ("Response") must comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Southern District of New York, and shall be made in writing and set forth the basis therefor with specificity and the nature and extent of the claims against the Foreign Debtor. The Response must be filed electronically with the Court via the electronic case filing system in accordance with General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any Response shall be sent to the Chambers of the Honorable _____ Bankruptcy Judge, and served upon counsel for the Foreign Representative, Lippes Mathias Wexler Friedman LLP, 50 Fountain Plaza, Suite 1700, Buffalo, New York 14202 (Attention: John A. Mueller, Esq.), so as to be actually received on or before _____, 2020.

4. The Case Notice attached hereto as **Exhibit 1** is hereby approved.

5. Prior to service, the Foreign Representative may insert any missing dates and/or other information and make any other non-material changes deemed necessary or appropriate.

6. Copies of the Notice Documents shall be served via e-mail or first class mail upon: (i) Office of the U.S. Trustee for the Southern District of New York; (ii) Agent; (iii) Secured Lenders; (iv) Intercompany Lenders; (v) custodian of the U.S. Accounts; (vi) all persons or bodies authorized to administer the Chilean Proceedings; (vii) Foreign Debtor and its Chilean counsel; and (viii) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002, on or before three (3) business days following entry of this Order.

7. In the event any party files a notice of appearance in this Chapter 15 case subsequent to the initial service of the Notice Documents under this Order, the Foreign Representative will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of the appearance, but only if such documents have not already been served on that party and/or its legal counsel.

8. The notice requirements set forth in Section 1514(c) of the Bankruptcy Code are deemed inapplicable to this Chapter 15 case or, to the extent applicable, are hereby waived.

9. Subsequent notices shall be served in the form and manner set forth in this Order, or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

10. Service of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties. Notice provided in accordance with this Order satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rules 2002(p) and (q). No other or further notice is required.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2020
      New York, New York                   HONORABLE _____
                                                  U.S. BANKRUPTCY JUDGE

# Exhibit 1

# Proposed Case Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE: | CHAPTER 15 |
| MINERA TRES VALLES S.P.A.,[1] | CASE NO. 20-_____-___ |
| DEBTOR IN A FOREIGN PROCEEDING. | |

---

**NOTICE OF FILING AND HEARING ON PETITION
UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

  **PLEASE TAKE NOTICE** that on July ____, 2020, José Felizardo Figueroa Barrueco, in his capacity as the authorized foreign representative ("Foreign Representative") of the above-captioned debtor, Minera Tres Valles S.p.A. ("Foreign Debtor" or the "Company"), subject to a Bankruptcy Procedure of Judicial Reorganization currently pending before the 30º Civil Court of Santiago, Chile, and assigned Case No. C-7373-2020 ("Chilean Proceeding"), filed the *Official Form 401 Chapter 15 Petition for Recognition of a Foreign Proceeding* and *(I) Verified Petition for Recognition of Foreign Main Proceeding and (II) Request for Provisional Relief Under Chapter 15 of the Bankruptcy Code* (collectively, the "Petition"), in the Foreign Debtor's chapter 15 case ("Chapter 15 Case"), pursuant to chapter 15 of title 11 of the United States Code ("Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York ("Court").

  **PLEASE TAKE FURTHER NOTICE** that the Foreign Representative seeks entry of an order: (A) finding that (i) the Foreign Debtor is an eligible "debtor" under Chapter 15 of the Bankruptcy Code, (ii) the Chilean Proceeding is the Foreign Debtor's "foreign main proceeding" pursuant to Section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" under Section 101(24) of the Bankruptcy Code, and (iv) the Petition meets all requirements of Section 1515 of the Bankruptcy Code; (B) granting recognition of the Chilean Proceeding as a foreign main proceeding under Sections 1517, 1520 and 1521 of the Bankruptcy Code; and (C) enforcing and granting comity to the Stay Order (as defined in the Petition).

  **PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing ("Recognition Hearing") to consider the relief requested in the Petition for _____ **a.m./p.m. ET on September _____, 2020**, in Room ____ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

---

[1] The Foreign Debtor's Chilean tax identification number is 77.856.200-6 and its executive office is located at Avenida Apoquindo 4775, Oficina 501, Las Condes, Santiago, Chile 758009.

1

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Petition or the relief requested therein ("Response") must do so in writing and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, setting forth the basis therefor with specificity and the nature and extent of the respondent's claims against the Foreign Debtor. Any such Response must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any Response shall be sent to the Chambers of the Honorable _____, United States Bankruptcy Judge, and served upon counsel for the Foreign Representative, LIPPES MATHIAS WEXLER FRIEDMAN LLP, 50 Fountain Plaza, Suite 1700, Buffalo, New York 14202 (Attn: John A. Mueller, Esq.), so as to be actually received on or before _____, 2020.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petition or the relief requested therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no Response is timely filed and served as provided above, the Court may grant the relief requested in the Petition without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Copies of the Petition and all documents filed in the Chapter 15 Case are available to parties in interest on the Court's Electronic Case Filing System, which can be accessed from the Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document), or upon written request to the Foreign Representative's counsel (including by e-mail) addressed to:

LIPPES MATHIAS WEXLER FRIEDMAN LLP
Attn: John A. Mueller, Esq.
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
jmueller@lippes.com

Dated: _____, 2020    **LIPPES MATHIAS WEXLER FRIEDMAN LLP**
    Buffalo, New York

                                               */s/ John A. Mueller*
                                     John A. Mueller, Esq
                                     50 Fountain Plaza, Suite 1700
                                     Buffalo, New York 14202
                                     (716) 362-7614
                                     jmueller@lippes.com

                                   · *Counsel to the Foreign Representative*